BREAUX, C. J.
This is a suit on the part of plaintiff to compel the defendant to remove all of its platforms and other obstructions from Monroe street and from Railroad avenue, in the town of Ruston.
The town of Ruston intervened and joined plaintiff in the suit.
Plaintiff claims to be the owner of block 3, in the town of Ruston, lying east of the Y track of the Rock Island and Arkansas & Louisiana Railroad. Plaintiff confidently refers to a plat of the Vicksburg, Shreveport & Pacific Railroad, admitted in evidence, to sustain its rights to the removal of the obstructions before mentioned. Its further contention is that the streets and avenues are dedicated to public use and that the Vicksburg, Shreveport & Pacific Railroad Company, an interested party, was bound by the dedication.
Plaintiff claims that by thus obstructing and closing Monroe street and Railroad avenue and interfering with it it is deprived of ingress and egress to its property and the public of the use of the streets, and that in consequence it, plaintiff, has been damaged over $500, and that the continued obstruction of the streets and avenues will cause it increasing damages to the amount of $1,500.
The intervener has adopted all of plaintiff’s allegations including the allegation that it, plaintiff, is entitled to damages. No moneyed demand is made by the intervener.
The defendant filed answer to each petition of plaintiff and of intervener, denying their right to compel it to vacate the property described by plaintiff, from which they ask that 'defendant’s improvements be removed.
The gist of the defense is that there was no valid dedication of the land; that a receiver cannot dedicate property.
It seems that a receiver had undertaken, as plaintiff alleges, to dedicate the property in question.
Defendant further avers that, without acceptance on the part of the town of Ruston, the public acquired no right in the property said to have been dedicated; that the mere use by the public of an open space is not equivalent to a dedication. Defendant asks that plaintiff’s and intervener’s demand be rejected.
Without jurisdiction:
Neither the plaintiff nor the intervener, nor the defendant, have expressly asked that the appeal be dismissed for want of jurisdiction ratione materise. Plaintiff, we - have noted, alleges that $1,500 is the amount of its damages. Not the least attempt has been made by any one to prove that there were any damages due, and there is not the least evidence before us regarding the value of the right claimed.
When the appeal was taken in the district court, plaintiff through counsel — is the statement of plaintiff’s counsel — called attention to the fact that no jurisdictional allegation had been made to bring the case within this court’s jurisdiction; that no evidence was adduced as to the amount of damages; that the appeal is purely frivolous and was taken for delay; that the Court of Appeal had just met and adjourned at Ruston, where this appeal was properly appealable.
The brief of counsel for defendant, on the other hand, agrees pretty much with that of plaintiff and intervener regarding the amount in controversy. It is stated in the brief that the value of the land was not shown nor the amount of damages alleged; that defendant, *477 in order to protect itself, lias appealed to tlie Circuit Court of Appeal and to this court from the judgment of the district court.
We do not disagree with either counsel in regard to the jurisdictional amount as being insufficient to give this court jurisdiction. The appeal has been brought up to the wrong court. It must be transferred to the Court of Appeal for the district having jurisdiction, provided that before said transfer is made, the appellant, or its attorney of record, shall make oath that his appeal was not made for the purpose of delay.
For reasons assigned, it is ordered, adjudged, and decreed that the case be and the same is hereby transferred to the Court of Appeal before mentioned, provided the required oath be taken and all requirements complied with in matter of the transfer in 10 days. At the end of said number of days, if the proper oath has not been filed, then by the mere effect of delay the appeal will go out of court and the case will be dismissed, appellant to pay costs of appeal.